The petition for review is therefore granted.

---

**Petition of AGWI NAV. CO. (The Morro Castle Proceeding).**

District Court, S. D. New York.

Jan. 17, 1940.

Evans & Rees, of New York City, for Dr. Jos. A. Manzella.

Adele I. Springer, of New York City, for claimants.

Geo. Whitefield Betts, Jr., of New York City, Chairman, Morro Castle Committee.

Samuel J. Levinson, of New York City, member of Committee.

HULBERT, District Judge.

Conviction of the corporate owner of the ill-fated S/S Morro Castle which was destroyed by fire at sea on Sept. 8, 1934, it was claimed precluded exoneration from or limitation of liability (R.S. §§ 4282 & 4283, T. 46 U.S.C.A. §§ 182 & 183) and resulted in an agreement of settlement which made available approximately a million dollars and constituted five disinterested proctors in Admiralty, who are respondents upon this motion, as a committee, to determine the validity and amount of all asserted claims arising out of said disaster. Dr. Joseph A. Manzella was engaged by such Committee to assist in evaluating the personal injury claims. A dispute having arisen as to his compensation, a stipulation was made in the proceeding "to refer all disputes and matters in difference whatsoever among them relating to Dr. Manzella's compensation to the award order and final determination" of Judge Knox "as arbitrator, or to whomsoever he may designate as arbitrator, who shall make and publish his award in writing, with all convenient speed, signed by him, fixing the amount, if any, due and owing to Joseph A. Manzella for his said services. All technical requirements and formalities are waived by all parties. * * * the vote of the Committee fixing the value of the services shall be regarded as cancelled, and the Committee shall adopt whatever amount is fixed by the arbitrator as provided above. * * * no application or order for a stay of the payment directed by said award and judgment shall be made by any of the parties herein, and all parties hereto waive all rights to appeal from or to move to set aside said arbitrator's award, or to take any other or further proceedings except to enforce said award."

John Post, Esq., having been appointed by Judge Knox as such arbitrator conducted hearings and on Nov. 1, 1939, submitted a report "preliminary in every sense of the term". He continued, "Because of the vast amount of evidence presented, particularly in the form of files contain-

**322**

ing highly technical material, it is far from impossible, if not improbable, that in analyzing and weighing the evidence I have overlooked or minimized points which the parties consider significant. Moreover the findings will, I hope, narrow and sharpen the issues as I see them. Hence, I think this preliminary report is desirable. I reserve the privilege of making amplified, new, different and even contrary findings after considering the objections of the parties to it."

Thereafter, Dr. Manzella executed what he· claims to be a "deed of revocation" dated Nov. 30, 1939 and filed with the arbitrator on Dec. 29, 1939. This motion is to restrain the Committee and all other claimants and the arbitrator "pending the determination of petitioner's rights". The motion must be denied because the papers upon which it is based are defective. Upon the filing by the arbitrator of his final report its effectiveness and the right of the petitioner to terminate that proceeding by his "deed of revocation" will be open to his challenge to the same extent that he may have any such right now. The merits of the controversy are not before me. Submit order.